Grafton, }
Dec. 7, 1937. }

DELL J. WOOD

*v.*

MANUFACTURERS & MERCHANTS MUTUAL INSURANCE CO.

SAME *v.* BERKSHIRE MUTUAL INSURANCE CO.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendants.

*Per Curiam.* The trial was of the sole issue whether the plaintiff set the fires or had them set. They were incendiary and damaged the house. As bearing on motive the defendants introduced evidence of the amount of insurance on the house. In argument plaintiff's counsel asserted a value of the house much in excess of the insurance on it, to show absence of motive. The defendants say there is no evidence of such value.

The claim of a technical insufficiency in taking exception to the court's action in permitting the assertion to stand is not maintained, in due construction of the record. After objection was taken with ensuing discussion the court remarked that no evidence of the value asserted had been introduced. Plaintiff's counsel then submitted to the court that the jury might properly infer such a value from other evidence, saying in conclusion: "I think I will stand on that." The court then said: "Exception noted." This involved a final ruling that the argument might stand. The prior ruling that evidence was lacking became modified by a ruling in effect that while there was no direct evidence of the value asserted, other evidence tended to show it.

The objection to the argument had been made, was not withdrawn, and continuously subsisted. It was unnecessary to renew it, and the suggestion that the court granted an exception of his own motion, with no objection to his ruling having been made, unfairly depicts the situation. Intervening discussion between plaintiff's counsel, and the court relating to the objection did not weaken its persistence, and no acceptance of the ruling in pursuance of which the argument was permitted is to be found.

The plaintiff further contends that the evidence tended to show a value to the amount asserted, of "12, 13 or $14,000." The building insurance was $9,100, and a claim of value of substantially $5,000 in excess of the insurance was therefore argued. The evidence claimed to support such a finding may be summarized thus. The real estate was mortgaged for $6,500. Of this amount $5,000 was secured by a first mortgage running to a bank and the balance by a second mortgage in favor of an individual. The plaintiff bought the property in 1920, about thirteen years before the fires. It was then

subject to a mortgage indebtedness of the same amount as at the time of the fires, and the purchase price of its amount was paid by his promise to assume it. During his period of ownership he expended $4,500 on repairs and improvements, but the expense for each was not shown, nor did it appear that the expense of repairs did more than to maintain value. The jury took a view of the premises "inside and outside," after the damage done by the fires was repaired.

On this evidence it is considered conjectural to say that the property had value in excess of the insurance by as much as one-third to over one-half. Taken collectively or separately, the price of $6,500 for the property when bought, the mortgage indebtedness of that amount both at that time and at the time of the fires, and the intervening expense of improvements and repairs furnish no adequate basis for determining value when the fires occurred.

But it is urged that the view gave helpful information to the jury, so that with the other evidence they might reach a reasonable conclusion of the value. No reliable opinion of value could be thereby formed. Giving value the definition of "market value, or the price which the property will bring in a fair market, after reasonable efforts have been made to find the purchaser who will give the highest price for it" (*Winnipiseogee Lake &c Co.* v. *Gilford*, 67 N. H. 514, 517), no one could reasonably find that the property had such value as was asserted. While the question of qualification to pass on value is one of fact, the question of the sufficiency of the evidence to show qualification is one of law, and a finding of qualification to form and express an opinion would here be unsustainable. There are too many missing factors. Some familiarity with sales of, or offers to buy, the property or comparable neighboring property must be shown for it to appear that one is "qualified to judge of such value" (P. L., c. 336, s. 33). An examination of the property made by anyone drawn as a juror from any town in Grafton County with such information of value as the other evidence furnished would not qualify him in such capacity any more than as a witness to appraise the property. His testimony as a witness would not be helpful because he would have insufficient information on which to form a reliable opinion. His opinion as a juror would in like manner be predicated on evidence falling short of sustaining the burden of proof needed for it. While he is entitled to have common sense attributed to him, the common sense of the matter is that more evidence than was here supplied was demanded.

Since it was not reasonably to be inferred that the property had the value counsel argued was provable from the evidence, the allowance of the argument permitted the jury to erroneously adopt it, and thereby conclude adversely on the issue of motive. As the argument may have been adopted, the error is not shown to be harmless.

Another exception is to the allowance of a statement that a total loss was not to be expected. Whether the exception related to the statement or the ensuing one giving the reason for the statement, is an inquiry of construction of the record. It was apparently taken opportunely to apply to the statement. That incendiary fires were expected to produce only a partial loss, seems a fanciful conclusion, and the argument is thought to be unjustified.

A remaining exception is not considered. It is not probable that the argument at another trial will invoke the question it presents.

*New trial.*

BRANCH, J., did not sit.