LEWIS H. YOUNG *v.* MARION DOW, d/b/a NORTHERN LUMBER COMPANY.

*Charles F. Hartnett* (by brief and orally), for the plaintiff.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendant.

BRANCH, J. The only question submitted to the jury was the value of the timber cut. This was done with the full knowledge and consent of plaintiff's counsel, and plaintiff's belated exception to "the failure of the Court to submit the issue of additional loss to the plaintiff through inability to use the lumber for his own purposes" is, therefore, overruled.

The only proposition seriously argued by the defendant in this Court was that $800 "was the largest value which could possibly be assigned upon any evidence in the case." It is true that this was the highest estimate placed by any witness upon the value of the timber cut. The witness testified, however, that all his computations were intentionally "conservative" and this conservatism apparently led the witness to make two arbitrary assumptions in his computation, which appreciably reduced his final estimate of total damage.

In the first place the witness based his calculation of quantity upon a yield table for white pine growth in New England which indicates that an acre fully stocked with sixty-year-old trees such as were involved in this case, yields on an average sixty thousand feet

of lumber. The witness, as a result of personal inspection, testified that the lot in question was approximately one-quarter stocked, and continued as follows: "So I cut that and cutting it from sixty thousand to ten thousand as an average was amply conservative. Q. In this instance then your figure would normally be one-quarter of sixty thousand? A. That is right, or fifteen thousand. Q. In this instance, in order to be conservative, you used one-sixth? A. Yes, sir."

In the second place, the witness testified that by his measurement, the plaintiff's lot included eleven acres, but that in making his computation, he used ten acres. In explaining this assumption, he testified as follows: "I have the feeling that I must have used ten because all the traditions of estimating are on the conservative side, . . . and I wanted to be on the safe side because no one can ever live down the reputation of having overestimated, and I don't think I have overestimated in over . . . forty years."

The jury were not compelled to accept the assumptions of the witness, but might properly consider his actual estimates of quantity and acreage. It is evident that a computation based upon a finding that the plaintiff's land was one-quarter stocked instead of one-sixth, and that it included eleven acres rather than ten, would lead to a much higher figure than one based upon the assumptions stated. The exact amount of $275 no doubt reflected the varying views of the jurors in regard to the amount of the difference. If it is impossible to figure on the evidence the exact basis for the jury's decision, it is equally impossible to say that it was not in accord with the evidence.

This is not a case like *Wood* v. *Insurance Company*, 89 N. H. 213, where it was held that the information obtained by a jury on a view of premises after a fire was not a sufficient basis for a finding as to market value. The present case, on the contrary, exemplifies the ordinary duty of a jury to weigh the evidence properly before it.

*Judgment on the verdict.*

All concurred.